UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**WILLIAM CHIARAPPA, 08-B-3680,**

                              Plaintiff,                            09-CV-0607(Sr)

v.

**MYERS, et al.,**

                              Defendants.

---

## DECISION AND ORDER

Currently before the Court are plaintiff's second and third motions seeking appointment of counsel. Dkt. ##72 and 105. This Court has previously denied a motion (Dkt. #11) by plaintiff seeking the appointment of counsel. Dkt. #13.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was harassed, assaulted and subjected to fabricated misbehavior reports by corrections officers. Dkt. #1. In support of his second motion for appointment of counsel, plaintiff asserts that he is unable to investigate the "crucial facts" relating to his claim. Dkt. #72, ¶ 2. In addition, plaintiff

states that because defendants are unwilling to settle this matter, the prosecution of this matter will require more research than plaintiff is capable of completing due to his incarceration and his lack of legal education.  *Id*. at ¶ 3.  To illustrate his lack of legal education, plaintiff further claims that he made an error in connection with his discovery requests and that because he lacks any public speaking ability, he will be unable to properly examine and cross-examine the witnesses who, he asserts, will present conflicting evidence.  *Id*. at ¶¶ 4-5.  Finally, plaintiff argues that because his complaint has not been "targeted for dismissal," therefore, his claim must "hold[ ] some substance of being true."  *Id*. at ¶ 6.

Notwithstanding plaintiff's assertions to the contrary, plaintiff has not established, at this stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.  Indeed, throughout the pendency of this matter, plaintiff has availed himself of various discovery devices, including requests for admissions, document demands and interrogatories.  Finally, the Court notes that plaintiff recently updated his address with the Court and it appears that plaintiff is no longer incarcerated and as such, he will no longer face the same constraint to conducting legal research as he set forth in support of the instant motion.  Plaintiff's third motion seeking the appointment of counsel (Dkt. #105) is a one-page document which references his second motion.  The Court will treat the third motion as incorporating by reference the arguments made in support of his second motion seeking the appointment of counsel.

Accordingly, for the foregoing reasons, plaintiff's motions for appointment of counsel (Dkt. ##72 and 105) are denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 19, 2011

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**