UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**WILLIAM CHIARAPPA, 08-B-3680,**

                              **Plaintiff,**                            09-CV-0607(Sr)

v.

**MYERS, et al.,**

                              **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #27.

By Decision and Order entered December 5, 2013, the Court granted defendants' motion for summary judgment on plaintiff's claims of excessive force at the Gowanda Correctional Facility for failure to exhaust administrative remedies as required by the Prisoner Litigation Reform Act of 1995 ("PLRA"). Dkt. #131.

On December 18, 2013, defendants filed a bill of costs seeking $303.24 incurred for a transcript of plaintiff's deposition. Dkt. #133.

By motion, plaintiff asks the Court to deny such costs on the ground that plaintiff is indigent as evidenced by the Court's grant of *in forma pauperis* status and a current affirmation revealing that plaintiff was incarcerated while awaiting sentencing,

had $50 in his inmate account, no funds in a checking or savings account, and had not been employed since July of 2013. Dkt. #134.  Counsel declares that plaintiff has been in jail between July of 2012 and at least January of 2013 and then again between November 2013 until the filing of this motion.  Dkt. #137, ¶ 6. Plaintiff also argues that the public interest in encouraging citizens to assert their constitutional rights should outweigh defendants' ability to obtain costs and urges the Court to weigh the burden that the imposition such costs will place upon plaintiff as compared to the benefit that payment of such costs will provide to the New York State Department of Corrections and Community Supervision ("NYSDOCCS").  Dkt. #134.

Defendants challenge plaintiff's indigent status in light of his retention of counsel and ability to conduct voluminous discovery and depositions of all five defendants.  Dkt. #135.  Defendants also argue that denying an award of costs will undermine the PLRA's goal of discouraging frivolous prisoner litigation.  Dkt. #135.

In reply, plaintiff's counsel declares that he undertook representation of plaintiff *pro bono,* has paid the expense incurred in prosecuting this action, including deposition fees, and has received no reimbursement from plaintiff.  Dkt. #137.  When counsel became a full time employee of the Western New York Law Center, a nonprofit legal services corporation that represents individuals free of charge, plaintiff applied for representation and was approved.  Dkt. #137.  The agreement between the Western New York Law Center and plaintiff provides that plaintiff is not required to pay for attorney time and that costs of litigation will be advanced.  Dkt. #137.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.  28 U.S.C. § 1915(f)(1) provides that judgment may be rendered for costs at the conclusion of an action proceeding *in forma pauperis* as in other proceedings.  Thus, the award of costs is the rule, not an exception.  *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).

28 U.S.C. § 1920(2) includes fees for printed or electronically recorded transcripts necessarily obtained for use in the case as taxable costs.  "When a deposition transcript is used or received in evidence at trial, or is submitted to the court for consideration of a motion for summary judgment, costs are properly allowed, without regard to whether the deposition is specifically relied on as a basis for the decision."  *See Keesh v. Smith*, No. 04-CV-779, 2008 WL 2242622, at * 2 (N.D.N.Y. May 29, 2008).  In the instant case, the Court's Decision and Order on defendants' motion for summary judgment cited to plaintiff's deposition testimony, which was attached to defendants' motion papers.  Dkt. #124-1 & Dkt. #131.

The losing party bears the burden of demonstrating that costs should not be imposed because, for example, of misconduct by the prevailing party; the public importance of the case; the difficulty of the issues; or the losing party's limited financial resources.  *Whitfield* , 241 F.3d at 270.  Although a district court retains discretion to deny costs on account of a losing party's lack of financial resources, indigency, by itself, does not automatically preclude an award of costs.  *Id.*  "Requiring prisoners to make

economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Id.* at 273 (internal quotation omitted). Moreover, good faith and the absence of frivolous claims, by themselves, do not require a district court deny costs. *Id.* at 272-73.

Plaintiff has not met his burden of demonstrating that costs should not be imposed in this action. If costs were waived simply because a plaintiff proceeded *in forma pauperis*, 28 U.S.C. § 1915(f) would have no effect. To the extent that he remains incarcerated, the PLRA will allow him to pay his costs over time. See 28 U.S.C. § 1915(f)(2)(B). To the extent that plaintiff is no longer incarcerated, he proffers no basis to believe that he is incapable of earning income to pay the reasonable costs of his deposition transcript. Accordingly, plaintiff's motion (Dkt. #134), to deny the bill of costs seeking $303.24 incurred for a transcript of plaintiff's deposition is denied.

**SO ORDERED.**

DATED:	Buffalo, New York
	September 30, 2014

                                                              <u>s/ H. Kenneth Schroeder, Jr.</u>
                                                              **H. KENNETH SCHROEDER, JR.**
                                                             **United States Magistrate Judge**